**FILED**

NOV 15 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | MISC. NO. 2:04mc109-AJ |
| ) | |
| v. ) | |
| ) | |
| $100,700.00 IN U.S. CURRENCY, ) | MOTION TO EXTEND TIME TO |
| ) | FILE COMPLAINT FOR FORFEITURE |
| Defendant #1; ) | AND/OR TO OBTAIN INDICTMENT |
| ) | ALLEGING FORFEITURE |
| 1998 HARLEY DAVIDSON FXSTC ) | |
| MOTORCYCLE, VIN ) | |
| #1HD1BKL14WY033123, ) | |
| ) | |
| Defendant #2; ) | |
| ) | |
| 1999 CHEVROLET CORVETTE, VIN ) | |
| #1G1YY22G2X5100351, ) | |
| ) | |
| Defendant #3; ) | |
| ) | |
| 1999 FORD F-150 LARIAT VIN ) | |
| #2FTRX17L8XCB21967, ) | |
| ) | |
| Defendant #4; ) | |
| ) | |
| (David Ray Tant, Claimant) ) | |

The United States of America, by the United States Attorney for the District of South Carolina, as authorized by 18 U.S.C. § 983(a)(3)(A), moves the Court for good cause to extend the time in which the United States is required to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture of the above described properties from November 17, 2004 to January 17, 2005. Claims have been filed by David Ray Tant and the law firm of Belk, Cobb, Infinger & Goldstein, P.A., in a non-judicial civil forfeiture proceeding by the Internal Revenue Service (hereinafter "IRS"). The United States further moves the Court to authorize the IRS to retain

possession of the following properties until such time as a civil complaint or a criminal indictment are field and forfeiture proceedings are concluded. The properties involved are:

1. Property: $100,700.00 In United States Currency
   Seized From: Charleston County Clerk of Court
   100 Broad Street, Ste 106
   Charleston, South Carolina
   Owner Name: David Ray Tant
   Seized Date: June 2, 2004
   Asset Id.: 04-IRS-000563
   Seizure No.: 56040048

2. Property: 1998 Harley Davidson FXSTC Motorcyle, VIN #1HD1BKL14WY033123; Black in color
   Seized From: 3891 Bridgeview Drive
   North Charleston, SC 29405
   Owner Name: David Ray Tant
   Seized Date: June 2, 2004
   Asset Id.: 04-IRS-000565
   Seizure No.: 56040049-2

3. Property: 1999 Chevrolet Corvette, VIN #1G1YY22G2X5100351; White in color
   Seized From: 3891 Bridgeview Drive
   North Charleston, SC 29405
   Owner Name: David Ray Tant
   Seized Date: June 2, 2004
   Asset Id.: 04-IRS-000564
   Seizure No.: 56040049-1

4. Property: 1999 Ford F-150 Lariat Pickup truck; VIN #2FTRX17L8XCB21967; Black in Color
   Seized From: 3891 Bridgeview Drive
   North Charleston, SC 29405
   Owner Name: David Ray Tant
   Seized Date: June 2, 2004
   Asset Id.: 04-IRS-000566
   Seizure No.: 56040049-3

(hereinafter "the properties").

The good cause for such an extension is described below in the Memorandum in support of this Motion.

The United States represents to the Court as follows.

1. All of the written notice of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to be sent by the IRS to interested parties has been sent;

2. The time has expired for any person to file a claim to the properties under 18 U.S.C. § 983(a)(2)(A)-(E); and

3. David Ray Tant and the law firm of Belk, Cobb, Infinger & Goldstein, P.A. have filed claims in this matter. No other person has filed a claim to the properties as required by law in the non-judicial civil forfeiture proceeding.

The United States has attached to this Motion a proposed Order Extending Time To File Complaint for Forfeiture and/or To Obtain Indictment Alleging Forfeiture.

## MEMORANDUM

18 U.S.C. § 983(a)(3)(A)-(C) state:

(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not –
(I) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
(ii) before the time for filing a complaint has expired –
(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
(II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

(C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

On June 2, 2004, the Internal Revenue Service seized the above-described properties from the two locations identified above.

On August 19, 2004, David Ray Tant, filed claims as to each of the above listed properties with the Internal Revenue Service contesting the IRS's administrative forfeiture of the properties. On August 19, 2004, the law firm of Belk, Cobb, Infinger & Goldstein, P.A. filed a claim as to the check for $100,700 which had been given to the Charleston County Clerk of Court to secure a bond.

Under 19 U.S.C. § 1608 and § 1610, upon the filing of such claim, the seizing agency transmitted the claim to the United States Attorney for the purpose of initiating a judicial forfeiture action against the properties.

Under 18 U.S.C. § 983(a)(3)(A)-(C), unless the time is extended by the Court for good cause, the United States is required to file a complaint for forfeiture against the properties or to obtain an indictment alleging that the properties are subject to forfeiture no later than November 17, 2004. If the United States fails to do so, it is required to release the properties and may not take any further action to effect the civil forfeiture of the properties in connection with the underlying offense.

The United States asserts that there is good cause to extend the date for filing a civil complaint for forfeiture against the properties to January 17, 2004 and to retain possession of the properties pending resolution of these proceedings, based on the following:

4

The United States has an ongoing criminal investigation regarding the conduct giving rise to the forfeiture of the properties and expects that within the next few months, a federal grand jury will return an indictment alleging that the above-described properties are subject to forfeiture as proceeds of a dog fighting/gambling operation in the Charleston, South Carolina, area. After the claims of David Ray Tant and the law firm of Belk, Cobb, Infinger & Goldstein, P.A., were referred to the United States Attorney for judicial forfeiture action, the attorney for the Government contacted the attorney for Claimant David Tant, Dale Cobb, Esquire, of Charleston, South Carolina. Attorney Cobb indicated in a telephone conversation with the United States that the Claimants would consent to extending the time within which the United States could file a civil forfeiture action.

The United States represents to the Court that the Claimants consent to this extension of time. Moreover, good cause exists to grant an extension of time within which the United States may file a civil forfeiture complaint. Doing so will prevent the unnecessary expenditure of judicial and public resources and funds by making it unnecessary to file a civil complaint for forfeiture against the properties, followed by an indictment alleging that the properties are subject to forfeiture. If the time is not extended and the United States returns the properties to the Claimant, there is no assurance that the properties will be available for forfeiture.

## CONCLUSION

For the foregoing good cause, the United States respectfully requests that the Court extend the period in which the United States is required to file a complaint against the properties and/or to obtain an indictment alleging that the properties are subject to forfeiture until January 17, 2005.

5

Respectfully Submitted,

J. STROM THURMOND, JR.
UNITED STATES ATTORNEY

By: _____
MILLER SHEALY (#3805)
Assistant United States Attorney
400 West Evans Street
Florence, South Carolina 29501

By: _____
DEBORAH B. BARBIER (#6639)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000

ATTORNEYS FOR THE UNITED STATES

November 8, 2004